UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VAN L. OWENS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:23-CV-192 ACL |
| JACOB ZIMMERMAN,[1] | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of James H. Hamilton's pro se filing titled "Denial of Rights Under Color of Law." [ECF No. 1]. Although the document provided by petitioner relates to a "denial of rights," he asserts that his counsel in his criminal case in Mississippi County, Missouri, *see State v. Owens*, No. 21MI-CR00274-01 (33rd Jud. Cir., Miss. County Court), was ineffective and violated several of his constitutional rights. As such, the action appears to be one brought pursuant to habeas corpus.

The Court has reviewed petitioner's criminal action in Mississippi County Court on Missouri.Case.Net and found that he was sentenced to seven years imprisonment in the Missouri Department of Corrections on October 27, 2023, after entering a plea of guilty to possession of a controlled substance. *Id.* Petitioner has not yet filed an appeal of his sentence, or a post-conviction motion to vacate.

Because petitioner specifically seeks a claim for ineffective assistance against his defense counsel, Jacob Zimmerman, from his Missouri State criminal action, the Court has construed this

---

[1] Petitioner has named as respondent his criminal defense counsel Jacob Zimmerman. The proper respondent for a prisoner currently in custody pursuant to a state court judgment is the state officer having custody of the applicant. *See* 28 U.S.C. § 2254, Rule 2(a). Sheriff Britton Farrell is the proper respondent. The Clerk will be instructed to substitute Britton Farrell as the respondent in this action.

action a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.[2]

The petition is defective because it has not been drafted on a Court-provided form. *See* E.D. Mo. Local Rule 2.06(A). In addition, petitioner has neither paid the filing fee nor submitted a motion to proceed without prepaying fees or costs. *See* 28 U.S.C. § 1915(a). The Court will direct the Clerk of Court to send petitioner the Court's forms "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" and "Motion to Proceed in Forma Pauperis and Affidavit in Support – Habeas Cases."

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall update the respondent in this action in accordance with Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254. The proper respondent is the custodian of Mississippi County Jail, Sheriff Britton Farrell.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to petitioner a copy of the Court's forms "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" and "Motion to Proceed in Forma Pauperis and Affidavit in Support – Habeas Cases."

**IT IS FURTHER ORDERED** that petitioner shall file an amended petition brought pursuant to 28 U.S.C. § 2254 on the Court-provided form within **twenty-one (21) days** of the date of this Order. Petitioner is advised that his amended petition will take the place of his original petition and will be the only pleading that this Court will review.

---

[2]To the extent petitioner has erroneously filed an application for writ of habeas corpus, he may file a motion to voluntarily dismiss this action and file his application at a later date. The Court notes that because petitioner has not yet appealed his conviction or filed a post-conviction motion to vacate his conviction, his habeas in this Court appears to be premature.

**IT IS FURTHER ORDERED** that petitioner shall either pay the $5 filing fee or submit the "Motion to Proceed in Forma Pauperis and Affidavit in Support – Habeas Cases" within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that to the extent petitioner wishes to file a separate action alleging civil rights violations under 42 U.S.C. § 1983, he must do so on a court form for filing prisoner complaints. The Clerk shall provide petitioner with a prisoner civil right complaint form in case he wishes to file a separate civil rights action.

**IT IS FURTHER ORDERED** that if petitioner wishes to voluntarily dismiss this habeas corpus action after determining that his application for writ is premature, he must file a notice of voluntary dismissal of this action within **twenty-one (21) days** of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 30th day of October, 2023.

*[signature]*

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE